BELINDA K
1986 Washington Avenue #A
San Leandro, CA. 94577
Phone (510) 352-1449
Email kirk_belinda@yahoo.com
Pro Se
In Pro Per Until Appointment
Of Competent Counsel

**Filed**

FEB 2 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**In the matter of J.H.**

A MINOR,

BELINDA K., Mother of J.H.,

    Petitioner and Respondent,

vs.

LORI JONES, CO-DIRECTOR; and

DAN KAPLAN, CO-DIRECTOR, and

ALAMEDA COUNTY SOCIAL
SERVICES / CHILDREN AND FAMILY
SERVICES, 24100 Amador Street,
Hayward, California, 94544-1273,

    Respondents and Petitioners,

Real Parties in Interest
Notified of this Removal

Case No. CV12-00802 JCS

Motion also filed to relate with:
**11-cv-01013-SBA**
**10-cv-02507-LHK**
**10-cv-05797-LHK**

[ALAMEDA Superior Court Case
HJ06005823]

**NOTICE OF REMOVAL**

Date: TBD
Time: TBD.
Dept.: Courtroom 4, 5th Floor

Before: Honorable LUCY H. KOH

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 1

| | |
|---|---|
| 1 | KAMALA D. HARRIS,. |
| 2 | ATTORNEY GENERAL OF THE STATE |
| 3 | OF CALIFORNIA |
| 4 | 1300 "I" Street, Sacramento, CA, 95814; |
| 5 | |
| 6 | HONORABLE WILLIE LOTT, Judge, |
| 7 | SUPERIOR COURT OF CALIFORNIA |
| 8 | COUNTY OF ALAMEDA, sitting as a |
| 9 | Juvenile Court; |
| 10 | , et al, |
| 11 | Real Parties In Interest |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Petitioner, Belinda K., hereby removes to this Court the State court action described below.

Pursuant to 28 U.S.C. §§ 1441, 1443(1) and 1446, Belinda K files this Notice of Removal of this case from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California, San Jose Division. In support of this Notice of Removal, Belinda K., Petitioner, here/Respondent in the State Cause of actiion states as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about December 21, 2006, Petitioner's Alameda County Department of Social Services, (CPS/Child Protection Services), through their Social Workers and Alameda County Counsel commenced an action in the Superior Court of California, County of Alameda, sitting as a Juvenile Court, against Belinda K., Petitioner/Respondent for alleged child abuse.
2. The "CPS" Welfare and Institutions Code §300 complaint ("Complaint") sought to remove from Belinda K.'s custody, her son, as a result of allegations made by a school principal regarding parental abuse of Belinda K's son. The CPS action was brought and has so far succeeded in the removal of Belinda K.'s son from her custody and having him placed in the care of the State in various foster homes and group

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 2

homes, and currently in violation of the State of California's Settlement agreement reached because of a federal action under Katie A v. Bonta. The State of California is supposed to ensure that children in foster care are placed in Family foster care with wrap around services and not in the institutional -setting as is being done to Belinda K's minor son, because the institutional "group home" is a guaranteed dismal failure and does not work.

3. Presently, Belinda K., has been ORDERED to appear at a "Status Review" hearing scheduled for March 20, 2012. At a "Status Review," hearing Belinda K., has a right to be heard and to present evidence seeking the return of her son as the CPS Agency attempts to justify the continued need for the State to keep custody of her son.

4. Belinda K., and her son are members of the Cow Creek band of Umpqua Indians, a Tribe of federally recognized American Indians. As such they are entitled to the protections and procedures of the Indian Child Welfare Act, ("ICWA") The United States Congress enacted ICWA under their plenary authority of the commerce clause and other authority of the United States Constitution. (Section 5 of the Fourteenth Amendment, providing authority for Congress to legislate to enforce the provisions of the Fourteenth Amendment.)

5. In 2006, well before the CPS had any complaints regarding Belinda K., her minor son, or her family, she began regularly taking her son to her HMO for concerns regarding disturbing behavioral incidents of her son. Belinda K., her son and family were engaged in regular therapy with their doctors when a report was made to CPS from the school principal alleging that Belinda K.'s son was being abused by his parents.

6. The State removed Belinda K.'s son from her custody upon the allegations of a school principal's allegation that the minor had, under her one-on-one interrogation admitted to being abused by his parents.

7. In spite of the fact that the charging petition DID NOT allege any misconduct on the part of Belinda K., nor did it name any specific individual as the alleged perpetrator of "child abuse" against Belinda K.'s minor son, including the admission by County Counsel that the petition was deficient in its "necessary function" the Juvenile Court found the petition to be true, a legal impossibility.

8. Because Belinda K., and her minor son are members of a federally recognized tribe of American Indian, the State of California is required to have "clear and convincing evidence" of misconduct BEFORE it can remove a child from and Indian parent and place the child inn "involuntary foster care. See ICWA, 25 U. S. C. §1912(e).

9. The only evidence presented to the Juvenile Court to support the allegations of child abuse has been the "inadmissible" hearsay, as found within the "reports" filed by the Alameda County Department of Social Services. None of the reports contains any declarations under oath, and all of the hearsay within these "reports" is considered

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 3

incompetent and inadmissible under the federal rules of evidence or even in any other California Court under the California Evidence Code.

10. Such hearsay has been made competent by the California Legislature pursuant to Welfare and Institutions Code §§ 355 and 281. These laws have been upheld and defined as constitutional by the California Supreme Court in its published authority in In re Malinda S. 52 Cal. 3d 368 (1990) [272 Cal. Rptr. 787, 795 P.2d 1244] There the California Supreme Court stated that the "juvenile court may rely on "social studies" prepared by the social worker when determining whether a minor falls within its jurisdiction under Welfare and Institution Code section 300. We conclude the reports are competent to support such a determination and accordingly affirm the decision of the Court of Appeal so holding." [footnotes and citations omitted]

11. Belinda K.'s minor child was taken from her because the State of California maintains laws and rules that deprive her and she cannot enforce in the Courts of the State of California her federal statutory rights designed by the United States Congress pursuant to the Indian Child Welfare Act to protect her minority race from the arbitrary and unreasonable interference of her familial relations.

12. The State of California's laws deny Belinda K. her rights to fundamental procedural "due process" as the State continues to empower its social services agencies to exercise unreasonable State power in violation of her federal and constitutional rights to protect her minority race from the abuse of the State of California, the very abuse Congress sought to prevent under ICWA. See 25 U.S.C. §§ 1901, 1902. SEE ALSO: **County of Sacramento v. Lewis, 523 U. S. 833 (1998).**

13. Currently, Belinda K., has been summoned to appear before the Alameda Superior Court for a "Status Review" hearing, scheduled for March 20th, 2012. A true and correct copy of the Minute Order and other pleadings are attached as Exhibit A and incorporated by reference.

14. Belinda K., properly seeks to remove the State Court action to this federal forum because she is denied and cannot enforce in the courts of the State of California the specific provisions of the Indian Child Welfare Act designed to prevent the racial animus of the State's laws and Rules that are destroying her rights as granted to her under ICWA, and in violation of 42 U.S.C. § 2000a-1, 42 U. S. C. §2000a-2, as secured to her under the Fourteenth Amendment of the United States Constitution.
    a. Belinda K., has a FIRST, NINTH, and FOURTEENTH Amendment right to manage her family affairs and seek medical and other professional assistance for her family without unjustified interference from the government.
        i. According to the ICWA, 25 U.S.C. §1912(e), Belinda K., is entitled to an evidentiary standard of "clear and convincing evidence" before the State may interfere in her private family affairs. However, California Law, WIC §§ 281 and 355 deprives her, in a callous disregard of her rights, by mandating that reports made to the State's Juvenile Courts

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 4

"including the hearsay within" the reports is competent evidence for the Juvenile Courts consideration of the cause. In particular the Juvenile Courts consider the "out of court" hearsay of mandated reporters, (i.e. Social Workers, Police Officers, Priests, School Teachers, and Principals) of child abuse to be competent evidence because they bear "indicia of reliability," in direct contravention of the authority of the United States Supreme Court as found in **Crawford v. Washington 541 U. S. 36 (2004)**

b. Belinda K., is entitled pursuant to ICWA, 25 U.S.C. §1914, to Petition a "court of competent jurisdiction" to invalidate State actions that violated any provision of sections 1911, 1912, 1913 of Act[1]. [See Footnote 1] In a callous disregard for Belinda K.'s federal statutory right to Petition for a redress of grievance under the First Amendment of the US Constitution, and depriving her of her federal statutory right to protect her race from improper State action, under ICWA §25 U. S.C. §1914, the California Rules of Court mandate that a petition to invalidate must be brought before the very same judge and court that she alleges violated her rights in the first instance.

**California Rules of Court, Rule 5.486(b) states: "If the Indian child is a dependent child or ward of the juvenile court or the subject of a pending petition, the juvenile court is a court of competent jurisdiction with the authority to hear the request to invalidate the foster placement or termination of parental rights."**

The California Rules make a man a judge in his own cause, depriving Belinda K., of a "court of competent jurisdiction" in direct contradiction to the authority of our Supreme Court as explained recently in **Caperton v. A. T. Massey Coal Co. 129 U. S. 2252 (2009) See also: In re Murchison 349 U. S. 133 (1955).** A man cannot be a judge in his own cause. Due process requires an impartial tribunal.

c. Belinda K., an indigent mother is entitled to competent appointed counsel under 25 U.S.C. 1912(b). Belinda K., is deprived of, and cannot enforce her right to competent counsel because of the state's implementation of the DRAFT program. The California Judicial Council has usurped the California

---

[1] Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 5

Legislature. Through its DRAFT program, by inviting participating counties, and Alameda County is one, where the county can avoid all financial obligations imposed by state law under Welfare and Institutions Code ("WIC") §218, and deprive proper supervision of the appointed counsel's work by the Juvenile Trial Officer as the law requires, the county saves millions of dollars of expenses while the attorneys provide incompetent services because the trial court no longer supervises the billing for services rendered to the indigent parent.

The appointed attorneys in a conspiracy with the participating counties and the Courts, deprive their clients of effective representation in an unethical and unwritten agreement to NEVER provide any written [responsive] pleadings on behalf of their indigent clients. In return they accept appointments for cases well in excess of their ability to provide service for which they receive appointment fees as a reward for their complicity. As well as NEVER requesting funds for experts to properly defend their client's interests, and uniformly depriving all of their clients of their appellate rights by failing to file appellate briefs. It is an undisputed fact that in the First Appellate District, for Alameda County, every single panel member has had every one of their appeals dismissed for failure to file a brief on time. Absolutely no case in the last four years has been heard on the merits.

The California Judicial Council, through its Administrative Office of the Courts, publically admits to deliberate under-funding the already extremely limited budget for appointed counsel, at more than 42 million dollars annually for its known fixed costs, notwithstanding any requests by counsel for extra needed funding for experts or services required to properly represent their indigent clients.

Since California law (WIC §218) does make provision for the appointment of counsel, and payment, Belinda K., who is entitled, under the ICWA, 25 U.S.C. §1912(b)[2] [see footnote 2 below] to funding from the Bureau of Indian Affairs upon certification by the presiding judge, but is denied this funding provision for reasonable expenses because of the operation of California's DRAFT program, and Belinda. K.'s appointed counsel has previously deprived Belinda K., of a needed expert because of a lack of state funding.

---

[2] Where State law makes no provision for appointment of counsel in such proceedings, the court shall promptly notify the Secretary upon appointment of counsel, and the Secretary, upon certification of the presiding judge, shall pay reasonable fees and expenses out of funds which may be appropriated pursuant to section 13 of this title.

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 6

15. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1443(1) because any civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

**§1443(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

16. Venue is proper in this Court because the State Court Action is pending in Alameda County, California. See 28 U.S.C. § 1441(a).

17. Respondents/Petitioners in the Superior Court of California, County of Alameda, cause of action, are citizens of California:

    a. Respondent/ Petitioner, Lori Jones is a citizen of Alameda County.
    b. Respondent/Petitioner, Dan Kaplan is a citizen of Alameda County.
    c. Respondent/ Petitioner,The Alameda Department of Social Services is a department of Alameda County, a political subdivision within the State of California.
    d. Real Party in Interest, Kamala Harris is the Attorney General of the State of California and is noticed because this action challenges the constitutionality of several California laws and rules that deprive or prevent Belinda K., from enforcing her federal statutory rights designed to protect her minority race from abusive government interference in violation of ICWA and the Fourteenth Amendment of the United States Constitution.
    e. Real Party in Interest, The Honorable Willie Lott, is the judicial officer assigned to the Juvenile Dependency case, who's compliance with State Law violates Belinda K., rights under ICWA, his actions violate 42 U. S. C. § 2000a-1, 42 U. S. C. 2000a-2 and the protections of arbitrary government action by the State under the FIRST, NINTH and Fourteenth Amendment of the United States Constitution.

18. Petitioner/Respondent, Belinda K. is the mother of, J. H., her minor son and both are members of the Cow Creek band of Umpqua Indians of American Indians and she is a resident of Alameda County, California.

19. Belinda K., denies the allegations as made against her, claims that she has a right to seek medical help for assistance with her son's disturbing behaviors without having

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 7

the State use incompetent hearsay to unconstitutionally interfere into her familial relations and deprive her and her son of their FIRST Amendment rights to freedom of association and the right to procedurally proper and fair due process under the Fourteenth Amendment.

20. Given that Belinda K. has alleged that the State of California has laws and rules that deny and deprive her from enforcing the substantive and procedural due process protections granted to her under federal law and which foreclose her ability to enforce her due process rights in the Courts of the State of California this Court therefore has original jurisdiction over these federal rights and this action is properly removed under 42 U. S. C. §1443(1) and §1441.

## OTHER ISSUES

21. This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b).

22. Petitioner, Belinda K., has served a copy of this Notice of Removal on County Counsel, representing Respondents, Jones, Kaplan, and the Alameda County Department of Social Services.

23. Petitioner Belinda K. has served a copy of this Notice of Removal on Kamala Harris, the Attorney General of the State of California because this action questions the constitutionality and discriminatory animus of California State laws violating Belinda K's rights and others similarly situated.

24. A Notice of Filing of Notice of Removal to Federal Court (attached at Exhibit A) will be filed in the Superior Court of California, County of Alameda, sitting in session as a Juvenile Court, and upon the Honorable Willie Lott as soon as this Notice of Removal has been filed in this Court.

## CONCLUSION

Because Petitioners and Respondents are citizens of Alameda County, and Belinda K. has alleged that the laws and rules of the State of California violate her rights to procedural due process as granted under the Indian Child Welfare Act, and violate federal laws, 42 U. S. C. § 2000a-1, and 42 U. S. C. § 2000a-2, this Court has jurisdiction over Belinda K.'s claims pursuant to 28 U.S.C. § 1331. Belinda K. is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1443(1).

NOTICE OF REMOVAL FROM ALAMEDA SUPERIOR COURT - 8

Wherefore, Belinda K. requests that the action now pending before the California Superior Court, County of Alameda, Case Number HJ06005823 be removed to this Court.

AND WHEREFORE;

Petitioner, Belinda K., prays that this action be removed to the United States District Court for the Northern District of California, San Jose Division to be related to her other actions pending there and that this Court immediately review this case for Declaratory and Injunctive Relief, and referral to appropriate authorities for proper criminal investigations.

DATED: 2-19-12                    *Belinda Kirk* (signature)

                                                  Belinda K., In Pro Per

I declare under the penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

                                                  *Belinda Kirk* (signature)

                                                  Belinda K., In Pro Per

Superior Court of California, County of Alameda
San Leandro

| In the Matter of J█ H█ | Court No. HJ06005823-01 |
|---|---|
| | DOB: ███ |
| | Minute Order |
| (Abbreviated Title) | |

Department 403  Honorable  Willie Lott   , Judge
Reporter   Caleen Espinoza, CSR #10065

Court Clerk - James Rozal
Court Reporter - Caleen Espinoza, CSR #10065
Court Officer - Jamie Johnson-Glover
Bailiff -

Hearing Date: February 02, 2012.

THE MATTER COMES BEFORE THE COURT FOR:
Report And Review on New Dependency Petition - 300 Filed December 21, 2006

Minor J█ H█ appearing (by polycom) represented by Kristin Mateer.
Petitioner Alameda County Social Services Agency appearing represented by Melinda Leong.
Mother Belinda K█ appearing represented by McGraw, M. Kathleen.
Father Jason H█ appeared by counsel Pouliot, David.
Child Welfare Worker Tracey Fernandez appearing.
Family friend appearing.

The Court has read and considered the report(s) from Social Services and said report(s) is/are admitted into evidence by reference: Status Review Report dated 09/29/2011; Interim Review Report dated 12/08/2011; Interim Review Report dated 01/07/2012.

ALLEGATIONS/CHARGES:
Allegation 1 (WI 300(c)) True as submitted on 01/02/2007
Allegation 2 (WI 300(d)) True as submitted on 01/02/2007

Contested hearing requested by mother (as to visitations only).

THE COURT MAKES THE FOLLOWING FINDINGS:

Notice has been given as required by law, birth date and county of residence of minor has been determined.

The child's placement is necessary and appropriate.

The agency has complied with the case plan by making reasonable efforts, including whatever steps are necessary to finalize the permanent placement of the child.

Reasonable services have been provided by the Social Services Agency.

The permanent plan of placement with Families First and a specific goal of a less restrictive foster setting is appropriate and is so ordered as the permanent plan.

The likely date by which the child's specific goal will be achieved is 03/29/2012.

## Superior Court of California, County of Alameda - San Leandro

In the Matter of J▮ H▮
Court No. HJ06005823-01
Minute Order page 2

---

THE COURT MAKES THE FOLLOWING ORDERS:

Minor is continued as a dependent child of the Court.

Present order is continued.

Agency will not file any exparte request for minor to travel out of state (for visits w/father) until after contested hearings.

Witness lists shall be exchanged at least 10 days prior to trial date.

The court adopts the findings and orders on pages 15 - 17 of the social worker's report dated 09/29/2011 and are incorporated as a part of this minute order.

The following parties are ordered to return to the courtroom: Mother.

Report And Review continued to 03/20/2012 01:30 PM in Department 403, Juvenile Justice Center, 2500 Fairmont Drive, San Leandro.

Review of Visitations (CONTESTED) scheduled on 03/20/2012 01:30 PM in Department 403, Juvenile Justice Center, 2500 Fairmont Drive, San Leandro.

Report And Review continued to 03/23/2012 09:00 AM in Department 403, Juvenile Justice Center, 2500 Fairmont Drive, San Leandro.

Review of Visitations (CONTESTED) scheduled on 03/23/2012 09:00 AM in Department 403, Juvenile Justice Center, 2500 Fairmont Drive, San Leandro.

Minutes of    02/02/2012
Entered on    02/02/2012

By _____
                                    Judge

1  Belinda K.
   1986 Washington Avenue, Apt. A
2  San Leandro, CA 94577
   Ph. (510) 352-1449
3  In Pro Per Until Appointment
4  Of Competent Counsel

5
           SUPERIOR COURT OF THE STATE OF CALIFORNIA
6                       COUNTY OF ALAMEDA
7              SITTING IN SESSION AS A JUVENILE COURT

8
9
10

11 | In the matter of J.H.                    ) CASE No. _____
12 | A MINOR, by his next friend              ) Case Nos.: **10-CV-05797-LHK**
                                              ) Motion also filed to relate with:
13 | BELINDA K., Mother of J.H., individually ) **11-cv-01013-SBA**
14 | and as next friend                       ) **10-cv-02507-LHK**
                                              ) **10-cv-05797-LHK**
15 |             Petitioners and Respondent,  )
16 | vs.                                      ) **ALAMEDA SUPERIOR**
17 | LORI JONES, CO-DIRECTOR; and             ) **COURT case #HJ06005823**
18 | DAN KAPLAN, CO-DIRECTOR, and
                                                **NOTICE TO STATE COURT OF**
19
20 | ALAMEDA COUNTY SOCIAL                      **REMOVAL TO FEDERAL COURT**
21 | SERVICES / CHILDREN AND FAMILY
22 | SERVICES, 24100 Amador Street,
23 | Hayward, California, 94544-1273,          Date:
                                               Time:
24 |            Respondents and Petitioners    Dept.: Courtroom 4

25                                             Before: Honorable LUCY H. KOH
26 |            Real Parties in Interest
27 |            Notified of this Removal
28

NOTICE TO STATE COURT OF REMOVAL - 1

KAMALA D. HARRIS,.
ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA, in her individual
capacity, and Official Capacity as Attorney
General of the State of California,
1300 "I" Street, Sacramento, CA, 95814;

HONORABLE WILLIE LOTT, Judge,
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA, sitting as a
Juvenile Court;

, et al,
    Real Parties In Interest

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE ABOVE -ENTITLED COURT, CLERK OF THE COURT AND ALL PARTIES AND ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** THAT a Notice of Removal of this action was filed in the United States District Court, for the Northern District of California, San Jose Division, on FEBRUARY 21, 2012, in accordance with 28 U. S. C. §§ 1441, 1446.
BY OPERATION OF FEDERAL LAW effective upon the filing of this notice of removal pursuant to 28 U. S. C. § 1443(1) and 28 U. S. C. § 1446, with the Clerk of the Court, for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION, **the State Court shall act no further unless and until remanded back to its jurisdiction by Order of the Federal District Court.**

NOTICE TO STATE COURT OF REMOVAL - 2

1 | **BY OPERATION OF LAW THIS COURT NO LONGER HAS JURISDICTION**
2 | **OVER THIS MATTER UNLESS AND UNTIL THE FEDERAL COURT**
3 | **REMANDS THIS CASE IN WHOLE OR IN PART BACK TO THIS FORUM.**

5 | A copy of said Notice of Removal, as filed in the Federal District Court is attached to this
6 | Notice, as Exhibit A, and is served and filed herewith.

8 | Dated: 2 19 12

9 | By Belinda Kirk

10 | Belinda K., In Pro Per

NOTICE TO STATE COURT OF REMOVAL - 3